UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BRIAN WYNN, JOHN WILLIAMS,
AWILDA GUZMAN, JOSE OTERO,                    ECF CASE
KEVIN FULTON, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,                           **COMPLAINT**

                Plaintiffs,


            -against-                              **Jury Trial Demanded**


**UNION LOCAL 237, I.B.T**

                **Defendant.**
-------------------------------------------------------------------X


Plaintiffs, by their attorney, **LEE NUWESRA**, with Law Offices located at 60 East 42nd Street, Suite 1132, New York, N.Y., 10165, complaining of Defendant, Union Local 237, I.B.T., respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action against Defendant, Union Local 237, I.B.T, averring that it violated Plaintiffs' rights under Title VII, 42 U.S.C. § 2000(a), et seq. Plaintiffs further aver similar violations, under the New York City Human Rights Law, Administrative Code §§ 8-101 et seq. More specifically, Plaintiffs, on behalf of themselves and others similarly situated, assert claims of Racial Discrimination by their Union. Plaintiffs claim that their Union acquiesced to their Employer, the New York City Housing Authority ("**NYCHA**"), in disparately impacting their respective pay and other benefits that were not commensurate with the work Plaintiffs and others similarly situated performed, on account of their Race, National Origin, and/or Ethnicity.

2.      Plaintiffs also seek costs and attorneys' fees authorized by 42 U.S.C. § 1988, and the New York City Humans Rights Law, as well as other relevant statutes.

## JURISDICTION AND VENUE

3.      The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), 2201, and 2202, and the aforementioned Statutory provisions.

4.      The unlawful practices alleged below were instituted in New York County, within the State of New York.  Accordingly, venue lies within the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(b).

5.      On or about 1-27-2017, the EEOC issued Plaintiffs Notices of Right to Sue, which were received on 1-31-2017.

## THE PARTIES

6.      Plaintiff Brian Wynn, (hereinafter "Plaintiff" or "Wynn"), is a Black Male and resides in the Bronx County, State of New York.

7.      Plaintiff John Williams, (hereinafter "Plaintiff" or "Williams"), is a Black Male and resides in New York County, State of New York.

8.      Plaintiff Jose Otero, (hereinafter "Plaintiff" or "Otero"), is a Hispanic Male and resides in Richmond County, State of New York.

9.      Plaintiff Awilda Guzman, (hereinafter "Plaintiff" or "Guzman"), is a Hispanic Female and during the relevant time period, resided in the Bronx County, State of New York

10.     Plaintiff Kevin Fulton, (hereinafter "Plaintiff" or "Fulton"), is a Black Male and resides in the Bronx County, State of New York.

11.     Defendant Local Union 237 ("**Union**") is a Labor Organization, and the collective

bargaining representative of a variety of employees within the Labor Class, including Plaintiffs.

## CLASS ALLEGATIONS

12. Plaintiffs bring this action on behalf of themselves and a class of individuals (the "Class") consisting of all Black and Hispanic members of Local 237, who have worked in NYCHA, and were assigned to the Bronx County, as Plasterer Helpers or Plasterer Tenders, aka Caretaker P's, within the relevant time periods applicable to the claims made herein, from April 2010 to date.

13. The number of persons in the Class identified above are so numerous that joinder of all members is impractical. Although the precise number of such persons is unknown, Plaintiffs estimate that the number of the persons in the Rule 23 Class is at least 50.

14. The claims of Plaintiffs are typical of the claims of the Class.

15. Plaintiffs will fairly and adequately protect the interests of the Class.

16. The actions of Defendant complained of herein have been on grounds generally applicable to the Class, thereby making appropriate final relief or relief with respect to the Class as a whole.

17. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. Whether Local Union 237 discrimination has disparately impacted Black and Hispanic members that performed the duties of Plasterer Helpers, aka Caretaker P's, within the Bronx County, City of New York, during the relevant time period.

18. The claims of the Plaintiffs are typical of the claims of the Class they seek to represent.

Plaintiffs and the Class are Black and Hispanic Plasterer Helpers and members of Local 237, working in NYCHA. Plaintiffs and the Class are all affected by the compensation practices of Defendant, which affect the wages they earn. Plaintiffs and the Class are identically, or substantially, affected by these practices.

19. Defendant has committed the acts complained of herein on grounds generally applicable to the Class, thereby making the relief with respect to the Class appropriate.

20. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Moreover, Plaintiffs have retained competent counsel experienced in labor and employment litigation including class/collective actions.

21. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common policies, practices, and/or procedures.

22. The acts complained of herein apply identically to all members of the Class, and therefore class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. Plaintiffs have been informed and believe that many members of the Class fear retaliation if they bring their own actions in their own names or otherwise challenge the practices complained of herein, and a class action will permit them to participate in recovery without fear of same.

## THE FACTS

23. As Plasterer Helpers, Plaintiffs assist Plasterers, and perform the following job duties, amongst others:

    **(A)** Remove old plaster and backing from walls, ceilings and related surfaces; break up the bulk, and removal of rubble and debris inclusive of lath, plaster, mortar and fireproofing;

    **(B)** Control dust, including the hanging of canvas, tarpaulins and other protections;

    **(C)** Perform job set-up / preparatory work and break down work, including workhorses, stands, trestles, scaffolding, planking and platforms;

    **(D)** Transport carts, equipment, materials and tools; carrying, supplying, holding or using equipment, materials, and tools such as buckets, boxes, hawks and mortar boards, rakes, combs, blades, trowels, floats and other tools of the trade, such as straightedges, squares, and plumbs, molds, jointing and mitering tools, brushes, etc.; assist and tend in a hod carrier capacity to the Plasterer journeyperson;

    **(E)** Measure and cut wire lath and the tying or affixation thereof;

    **(F)** Handle, hydrate, slake, and mix lime, gypsum, fiber/binders, water, or related plastering materials; hoeing, shoveling and transport of same;

    **(G)** Apply rough or scratch coat, brown coat and white or finish coat of plaster to walls, ceilings and related interior surfaces;

    **(H)** Perform all clean-up work, inclusive of work area, equipment and tools; and

    **(I)** Perform other related work.

24. The foregoing duties which were negotiated by Defendant Union with Plaintiffs' Employer NYCHA, substantially mirror those of Plasterer Tenders in the Private Sector. Therefore, Plaintiffs are entitled to earn the same wage remuneration as those in the Private Sector.

25. For example, the Private Sector prevailing wages of a Plasterer Helper/Tender from 7-1-2016 to 6-30-2017 is **$37.55** per hour. However, during the same time period,

Plaintiffs, and all other similarly situated Plasterer Helpers, were/are being paid by NYCHA the inadequate sum of **$22.75** per hour.

26. To disguise the discriminatory pattern and/or practice of paying Plaintiff's, and all other similarly situated Plasterer Helpers, the inadequate non-commensurate pay scale, Plaintiffs were designated by NYCHA, with the acquiescence of Defendant Union, the Title of Caretaker P.

27. However, NYCHA's other Labor Class Tenders, such as the Mason Helpers, also known as Bricklayer Helpers, are impacted more preferentially than Plaintiffs. They are getting paid the Private Sector Prevailing wages, and enjoy the same classification as those in the Private Sector. Significantly, Mason Helpers are also members of Defendant Union.

28. Said Mason Helpers are similarly situated to Plaintiffs in that they are, amongst others: a) Employees of Respondent NYCHA; b) Members of the same Union; c) Are part of the same Labor Class; and d) Subject to the same work rules and regulations of Respondent NYCHA, and subject to the same terms and conditions of employment as Plaintiffs, save for the disparity in prevailing pay scale.

29. Importantly, the overwhelming majority, if not all, of NYCHA's Plasterer/Helpers in the Bronx are Minority (Black, or Hispanic), constituting at least 99%. Yet, the majority of the Mason Helpers are White, constituting at least 65%.

30. Prevailing wages paid to Public Sector employees, such as Plaintiffs, are subject to §220 of the New York State Labor Law.

31. The New York City Comptroller's Office, solely and exclusively, determines the prevailing wages in New York City.

32. Once the Comptroller makes such determination, NYCHA is mandated to pay its workforce accordingly.

33.     In the year 2000, the NYC Comptroller, by a consent decree, determined that a Plasterer Helper Title is a prevailing wage position, subject to §220 of the NYS Labor Law.

34.     Defendant Union became aware of said Comptroller's determination, at least as early as 2008.

35.     A prevailing wage, in relation to Public Sector employees, is a wage whereupon it is determined to be not less than the prevailing wage and supplemental benefits of its counterpart in the Private Sector.

36.     Since April 2010, Plaintiffs, and other similarly situated Plasterer Helpers/Tenders, have been underpaid by an average of **$15** an hour less than their Private Sector Counterparts. This equates to an average of **$31,200.00** annually per Plaintiff.

## DAMAGES

37.     As a direct and proximate consequence of Defendant's disparate impact policies and/or practices, as heretofore and hereafter described, Plaintiffs, and other similarly situated Plasterer Helpers, have suffered loss of income, including past and future salary increases, benefits, and other non-pecuniary losses, and had to incur legal expenses.

## AS AND FOR A FIRST CAUSE OF ACTION: TITLE VII
### (Violation Of Plaintiffs' Civil Rights By Defendant Union Local 237, I.B.T)

38.     Plaintiffs repeat and re-aver each and every one of the allegations set forth in paragraphs 1 through 37 of this Complaint with the same force and effect as if each were fully set forth herein.

39.     Plaintiffs are members of a protected class of persons, under Title VII.

40.     At all relevant times, since April 2010 to date, Plaintiffs were members of Defendant Union, while employed by the Housing Authority as Plasterer Helpers/Tenders in the Bronx

County. However, they were not paid their appropriate and commensurate pay for the duties and functions they performed.

41. Since April 2010, Plaintiffs were formally required by their Employer the NYCHA, with the acquiescence of Defendant Union, to perform the same work as the Private Sector Plasterer Tenders do. Significantly, Defendant Union agreed to such added duties.

42. Plaintiffs have made known their discriminatory compensatory scheme by the NYCHA to Defendant Union. Yet, nothing was done by either NYCHA or Defendant to rectify this discrimination, which has and continues to disparately impact Plaintiffs and other similarly situated Black and Hispanic Plasterer Helpers. Accordingly, Local Union 237, has tacitly engaged in and/or encouraged such discriminatory conduct.

43. For example, the prevailing wages of a Plasterer-Tender from 7-1-2016 to 6-30-2017 was **$37.55** per hour. However, during the same time period, Plaintiffs were and continue to be paid by Housing Authority as Private Sector Plasterer Helpers the inadequate sum of **$22.75** per hour.

44. To disguise Defendant's tacit discriminatory pattern or practice of paying Plaintiffs the unconstitutional and non-commensurate pay scale, the subject Minority Plaintiffs were designated the title of Caretaker P.

45. NYCHA's other Labor Class Tenders, who are members of Defendant Union, such as the Mason Helpers, also known as Bricklayer Helpers, are impacted more preferentially than Plaintiffs. They are getting paid the Private Sector prevailing wages, and enjoy the same classification as those in the Private Sector.

46. Said Mason Helpers are similarly situated to Plaintiffs in that they are, amongst others:

      a. Employees of NYCHA;

      b. Members of Defendant Union;

      c. Are part of the same Labor Class; and

      d. Subject to the same work rules and regulations of Defendant NYCHA, and subject to the same terms and conditions of employment as Plaintiffs, save for the disparity in prevailing pay scale.

However, while the overwhelming majority, if not all, of Plaintiffs are Minority (Black and Hispanics) the overwhelming majority of the Mason Helpers are non-minority (Whites).

47. In violation of Title VII, 42 U.S.C. § 2000(a), et seq., Defendant Union, by its agents, employees and/or officers discriminated against Plaintiffs on the basis of their Race/Ethnicity, when NYCHA was allowed to take the above discriminatory conduct as it related to Plaintiffs' employment relationship. This conduct has negatively and disparately impacted Plaintiffs from earning the proper pay scale.

48. In taking the above-described action, Defendant Union, has caused Plaintiffs to suffer loss of wages, other benefits, legal fees and costs.

49. Plaintiffs have been damaged by these deprivations, and they are entitled to relief including monetary damages under Title VII, as well as legal fees, against Defendant Union.

**AND AS FOR A SECOND CAUSE OF ACTION:**
**New York City Administrative Code §§ 8-101 et seq.**
**(Violation Of The New York City Human Rights Law by**
**<u>Defendant Union Local 237</u>)**

50. Plaintiffs repeat and re-aver each and every one of the allegations set forth in paragraphs 1 through 49 of this Complaint with the same force and effect as if each were fully set forth herein.

51. Plaintiffs are members of a protected class of persons under the New York City Human Rights Law, Administrative Code § 8-101 et seq., as it relates to Race/Ethnicity.

52. In violation of the New York City Human Rights Law, Administrative Code § 8101 et seq., Defendant Union Local 237, by its agents, employees and/or officers discriminated against Plaintiffs on the basis of their Race/Ethnicity, when they denied them commensurate pay as Plasterer Helpers also known as Plasterer Tenders.

53. As Plasterer Helpers, Plaintiffs assist Plasterers, and perform the following job duties, amongst others:

   a. Remove old plaster and backing from walls, ceilings and related surfaces; break up the bulk, and removal of rubble and debris inclusive of lath, plaster, mortar and fireproofing;

   b. Control dust, including the hanging of canvas, tarpaulins and other protections;

   c. Perform job set-up / preparatory work and break down work, including workhorses, stands, trestles, scaffolding, planking and platforms;

   d. Transport carts, equipment, materials and tools; carrying, supplying, holding or using equipment, materials, and tools such as buckets, boxes, hawks and mortar boards, rakes, combs, blades, trowels, floats and other tools of the trade, such as straightedges, squares, and plumbs, molds, jointing and mitering tools, brushes, etc.; assist and tend in a hod carrier capacity to the Plasterer journeyperson;

   e. Measure and cut wire lath and the tying or affixation thereof;

   f. Handle, hydrate, slake, and mix lime, gypsum, fiber/binders, water, or related plastering materials; hoeing, shoveling and transport of same;

   g. Apply rough or scratch coat, brown coat and white or finish coat of plaster to walls, ceilings and related interior surfaces;

   h. Perform all clean-up work, inclusive of work area, equipment and tools; and

   i. Perform other related work.

54. At all relevant and various times from April 2010 to date, Plaintiffs were employed by the Housing Authority as Plasterer Helpers/Tenders. However, they were not paid their appropriate and commensurate pay for the duties and functions they performed.

55. From April 2010 to date Plaintiffs were formally required by NYCHA to perform the same work as the Private Sector Plasterer Tenders did. Moreover, Defendant Union agreed to such added duties.

56. Plaintiffs have made their discriminatory pay scheme by NYCHA known to Defendant Union. Yet, nothing was done by either Defendant Union or NYCHA to rectify this discrimination which has and continues to disparately impact Plaintiffs and other similarly situated Black and other minority Plasterer Helpers, assigned to the Bronx County.

57. For example, the prevailing wages of a Plasterer-Tender from 7-1-2012 to 6-30-2013 was **$34.24** per hour. However, during the same time period, Plaintiffs were only paid **$18.75** per hour by NYCHA as Plasterer Helpers.

58. To disguise Defendant's discriminatory pattern or practice of tacitly agreeing to NYCHA's paying Plaintiffs the non-commensurate pay scale, the subject Minority

Plaintiffs were designated the title of Caretaker P. This conduct was approved and encouraged by Defendant Union.

59. NYCHA's other Labor Class Tenders, such as the Mason Helpers, also known as Bricklayer Helpers, are impacted more preferentially than Plaintiffs. They are getting paid the Private Sector prevailing wages, and enjoy the same classification as those in the Private Sector. Defendant Union, who represents Mason Helpers, is responsible for this discriminatory conduct.

60. While the overwhelming majority of Plasterer Helpers are members of the minority class, the majority of the Mason Helpers are White.

61. In intentionally taking the above-described action, Defendant Union has caused, and continues to cause, Plaintiffs, and other similarly situated Plasterer Helpers, to suffer loss of wages, benefits, legal fees and costs.

62. Plaintiffs have been damaged by these deprivations and are entitled to relief including monetary damages, and legal fees under the Code.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, BRIAN WYNN, JOHN WILLIAMS, JOSE OTERO, AWILDA GUZMAN, and KEVIN FULTON, on behalf of themselves and other similarly situated employees, respectfully demand judgment and pray that this Court order:

(a)   That Defendant Union Local 237 through their agents, servants, and/or employees, violated Plaintiffs' rights as protected under Title VII, and violated Plaintiffs' rights as protected under the New York City Human Rights Law, Administrative Code §§ 8-101, et seq.; that Defendant has a policy and/or practice which disparately impacted Black and other Minority employees, when it came to the adequacy of their pay; and their right to receive commensurate pay as Plasterer Tenders/Plasterer Helpers.

(b)   Requiring Defendant to pay all retroactive and prospective lost wage damages;

(c)   Requiring Defendant to pay to Plaintiffs all reimbursable expenses;

(d)   Requiring Defendant to pay under Title VII, and the Code, and other statutes reasonable attorney's fees and costs of this action; and

(e)   Such other and further relief as this Honorable Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a jury trial in this action.

Dated: New York, New York
April 30, 2017

                                          Respectfully Submitted,
                                          Law Offices of Lee Nuwesra

                                          */s/*
                                          Lee Nuwesra (LN 5851)
                                          Attorney for Plaintiffs
                                          One Grand Central Place
                                          60 East 42nd Street. Suite 1132
                                          New York, New York 10165
                                          (212) 370-8707
                                          lnuwesra@optonline.net