USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
BRIAN WYNN, et al.,                                          :
                                                             :
                                    Plaintiffs,              :     17 Civ. 3167 (LGS)
                                                             :
                  -against-                                  :     **OPINION AND ORDER**
                                                             :
UNION LOCAL 237, I.B.T,                                      :
                                                             :
                                    Defendant.               :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Brian Wynn, John Williams, Awilda Guzman, Jose Otero and Kevin Fulton bring this action against Defendant Local 237, I.B.T. (the "Union") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Defendant moves to dismiss the Complaint. For the reasons that follow, Defendant's motion is granted.

## I.    BACKGROUND

The facts below are taken from the Complaint and documents of which the Court may take judicial notice. *See TCA Television Corp. v. McCollum*, 839 F.3d 168, 172 (2d Cir. 2016). The facts alleged in the Complaint are assumed to be true only for purposes of this motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

Plaintiffs are Black and Hispanic Plasterer Tenders and Plasterer Helpers employed by the New York City Housing Authority ("NYCHA") and represented by the Union. Plaintiffs filed two lawsuits alleging discrimination on the basis of race: one in 2014 and this one in 2017.

### A.    *Wynn I*

In 2014, the five individual Plaintiffs in this action brought a prior action, 14 Civ. 2818, in the Southern District of New York ("*Wynn I*") against NYCHA and the Union on behalf of

themselves and a putative class of all Black and Hispanic members of the Union who worked at NYCHA as a "Caretaker." In *Wynn I*, Plaintiffs alleged that NYCHA discriminated against them in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. by paying them less than similarly situated white NYCHA employees. As for the Union – the sole Defendant here -- Plaintiffs argued that it tacitly engaged in or encouraged NYCHA's discriminatory conduct.

Specifically, Plaintiffs asserted that they performed tasks similar to those of a Plasterer Tender or Plasterer Helper in the private sector, but NYCHA did not pay them comparably. Private sector Plasterer Tenders earned $36.67 per hour between July 2015 and 2016, but NYCHA paid Plaintiffs only $22.70. To disguise this underpayment, NYCHA allegedly misclassified Plaintiffs as "Caretaker[s]." Those occupying NYCHA Caretaker jobs were predominantly Black and Hispanic. NYCHA appropriately classified and paid prevailing wages to Mason Helpers (also known as Bricklayer Helpers), the majority of whom were White. Plaintiffs argued that this disparity in payment amounted to racial discrimination.

On June 3, 2016, Defendants filed Motions for Summary Judgment in *Wynn I*. In their Opposition Memorandum of Law ("Opposition"), Plaintiffs stated that they "do not assert a claim for disparate impact" but were "not waiving their right to do so at a future time." The Motions for Summary Judgment were fully briefed on August 17, 2016. More than a month later, on September 29, 2016, Plaintiffs filed complaints with the Equal Employment Opportunity Commission (the "EEOC Complaints") regarding their allegations of disparate impact. On March 8, 2017, the Court granted Defendants' Motions for Summary Judgment as to all claims and denied Plaintiffs leave to amend the Complaint to add disparate impact claims. *Wynn et. al., v. New York City Hous. Auth. et. al., ,* No. 14 Civ. 2818, 2017 WL 933094, at *3

n.1, 5 (S.D.N.Y. Mar. 8, 2017). The Second Circuit affirmed the judgment. *Wynn v. New York City Hous. Auth.*, 730 F. App'x 92, 94 (2d Cir. 2018) (summary order).

### B. *Wynn II*

On August 1, 2018, Plaintiffs filed this action ("*Wynn II*") against the Union alleging violations of Title VII's disparate impact provision. The First Amended Complaint (the "Complaint"), which is the operative complaint, alleges that the Union engaged in racial discrimination by aiding and abetting NYCHA "in disparately impacting their respective pay and other benefits that were not commensurate with the work Plaintiffs and others similarly situated performed . . . ." The Complaint further alleges that (1) Plaintiffs are Black and Hispanic NYCHA employees who performed work comparable to Plasterer Helpers or Plasterer Tenders in the private sector; (2) NYCHA misclassified Plaintiffs as Caretakers to avoid paying them the prevailing wage owed to Plasterers, which was $37.55 per hour between July 2016 and 2017; (3) NYCHA accurately classified and paid Mason Helpers, a primarily White group of NYCHA employees and Union members; and (4) the Union tacitly acquiesced or engaged in this conduct.

## II. STANDARD

"A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). The Court takes judicial notice of the Complaint and proceedings in *Wynn I*, and the date of Plaintiffs' filing the EEOC Complaints. *See, e.g.*, *Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 166 n.3 (2d Cir. 2012) (Courts may "take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings."); *Percy v. New York (Hudson Valley DDSO)*, 264 F. Supp. 3d 574, 587 (S.D.N.Y. 2017)

3

(collecting cases) (noting that courts may take judicial notice of EEOC complaints).

At issue here is whether the Court's entry of judgment in favor of the Union in *Wynn I* on Plaintiffs' § 1981 claim precludes their Title VII claim against the Union in this action. "The preclusive effect of a federal court's judgment issued pursuant to its federal-question jurisdiction is governed by the federal common law of preclusion." *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012); *accord Maloul v. New Colombia Res., Inc.*, No. 15 Civ. 8710, 2018 WL 3768033, at *5 (S.D.N.Y. Aug. 8, 2018). The doctrine of claim preclusion typically "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). Under federal common law,

> [a] party seeking to invoke claim preclusion must generally make three showings: (i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action.

*Id.* at 237. "Whether a claim that was not raised in the previous action could have been raised therein 'depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.'" *TechnoMarine*, 758 F.3d at 499.

### III. DISCUSSION

Plaintiffs' claims are barred by the doctrine of *res judicata*, and Defendant's motion to dismiss is granted.

The first element of *res judicata* -- an earlier action resulting in an adjudication on the merits -- is met because the court in *Wynn I* granted Defendants' Motions for Summary

4

Judgment after reviewing the merits of Plaintiffs' discrimination claims, *see Wynn*, 2017 WL 933094, at *5, and the Second Circuit affirmed the judgment, *see Wynn*, 730 F. App'x at 94 (summary order). The second element -- that the earlier action involved the same counterparty -- is also met because the five plaintiffs here were plaintiffs in *Wynn I*.

Also satisfied is the third element necessary for claim preclusion -- that the claim sought to be precluded was raised, or could have been raised, in the earlier action because "the same transaction or connected series of transactions is at issue, . . . the same evidence is needed to support both claims, and . . . the facts essential to the second were present in the first." *TechnoMarine*, 758 F.3d at 499 (internal quotation marks omitted). This element is satisfied because *Wynn I* and this action are based on the same alleged facts -- that (1) Plaintiffs performed work comparable to Plasterer Helpers or Plasterer Tenders; (2) NYCHA misclassified Plaintiffs as Caretakers, who were predominantly Black and Hispanic, to avoid paying them the prevailing wage paid to Plasterers in the private sector; (3) NYCHA accurately classified and paid the prevailing wage to Mason Helpers, who were primarily White union members; and (4) the Union tacitly engaged in or encouraged this conduct. Accordingly, this action is barred by *res judicata*.

*Res judicata* bars the Title VII claim even though NYCHA allegedly continues -- after *Wynn I* -- to misclassify and underpay Black and Hispanic Caretakers. "When a subsequent action involves a claim over 'ongoing conduct' and it relies on facts that occurred both before and after the earlier action commenced," claim preclusion still applies when the second suit is not based on "legally significant acts occurring *after* the filing of a prior suit that was itself based upon earlier acts." *TechnoMarine*, 758 F.3d at 501 (emphasis in original). The Complaint alleges that the Union acquiesced with NYCHA's decision to add plaster duties to Plaintiffs'

job responsibilities in April 2010 without supplementing their pay, and that although Plaintiffs complained about their pay disparities to the Union, it failed to act. These acts took place before *Wynn I,* and Plaintiffs made the same allegations in both the *Wynn I* and *Wynn II* complaints. The *Wynn II* Complaint does not identify any specific, legally significant acts undertaken by the Union with respect to the discriminatory policy that post-date the filing of *Wynn I* and Plaintiffs do not suggest in their Opposition Memorandum of Law that they could amend the Complaint to add such facts.

Plaintiffs argue that *Wynn II* is not barred by the prior action because the discrimination claims in *Wynn I* required proof of discriminatory intent, while their disparate impact claim in *Wynn II* requires only a showing of discriminatory impact from a facially neutral policy. This argument is unavailing. "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009). Here, Plaintiffs seek to prove discriminatory intent and disparate impact based on the same underlying conduct -- the Union's participation in NYCHA's alleged policy of misclassifying and underpaying Caretakers on account of their race.

Plaintiffs' failure to exhaust administrative remedies as to the Title VII disparate impact claim during *Wynn I* does not save their claim here. "Res judicata applies to claims pending review in administrative proceedings." *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018). The events giving rise to the disparate impact claim occurred prior to filing *Wynn I*, but Plaintiffs waited over two years after that action commenced to file their EEOC Complaints. Had Plaintiffs promptly exhausted administrative remedies in the early stages of *Wynn I* and requested leave to amend their complaint or to stay *Wynn I* pending administrative review, their disparate impact claim would have been heard. Plaintiffs first raised

6

the possibility of disparate impact claim in *Wynn I* after discovery had been completed and during the summary judgment briefing. Because of the advanced stage of the litigation, the *Wynn I* court denied leave to add the disparate impact claim. *See Wynn*, 2017 WL 933094, at *3 n.1. By bringing a second action, Plaintiffs are attempting to circumvent that ruling and "avoid the consequences of their delay." *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000) (*res judicata* barred plaintiffs from bringing retaliation claims in *Curtis II* -- after their motion to amend their complaint to add retaliation claims in *Curtis I* was denied as untimely -- because the retaliation claims would have been heard in *Curtis I* if plaintiffs timely raised them); *accord BNF NY Realty, LLC v. Nissan Motor Acceptance Corp.*, No. 18 Civ. 3664, 2019 WL 140648, at *5 (S.D.N.Y. Jan. 9, 2019). *Res judicata* prohibits them from doing so. Plaintiffs' Title VII claim and this action are dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

The Clerk of Court is respectfully directed to close the motion at Docket Number 31.

Dated: March 13, 2019
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**